# In the United States Court of Federal Claims

No. 24-1438
Filed: December 10, 2024

---

**CHRISTOPHER GRANT, SR.,**

    *Plaintiff*,

v.

**THE UNITED STATES,**

    *Defendant.*

---

*Christopher Grant, Sr.*, Houston, TX, Pro Se Plaintiff.

*Robert R. Kiepura*, Trial Counsel, Commercial Litigation Branch, Civil Division, *Eric P. Bruskin*, Assistant Director, *Patricia M. McCarthy*, Director, *Brian M. Boynton*, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., with *Alexis Dunlap*, Captain, Judge Advocate, Litigation Attorney, U.S Army Legal Services Agency, Fort Belvoir, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

    Pro se Plaintiff, Christopher Grant, Sr. ("Mr. Grant"), seeks a grant of military disability retirement, an award of retroactive pay for $700,000, and for the Court to "grant PTSD, Bilateral Thumbs, Bilateral knees, [and] Bilateral shoulders [service connection] per [his] doc[ument]s." (Compl. at 2–3, ECF No. 1).[1] Mr. Grant alleges that he was wrongfully separated from the military, without disability retirement, after seventeen-and-a-half years of service. (*See generally* Compl.). Mr. Grant also alleges, without specificity, that the Defendant engaged in "willful and intentional concealment of relevant facts" from September 2010 to September 2018. (Pl.'s Resp. at 1, ECF No. 6). The United States moves to dismiss his Complaint for lack of subject-matter jurisdiction, arguing that the statute of limitations bars Mr. Grant's claims. (Def.'s Mot., ECF No. 5). For the reasons stated below, the Court grants the United States Motion to Dismiss Mr. Grant's Complaint.

    Mr. Grant initially entered the Army National Guard in September 1989. (*See* Pl.'s Resp. at 2). After almost eighteen years of service, he received an honorable discharge in March 2007. (*Id.* at 3). Mr. Grant initially sought correction of his military records with the Army Board for

---

[1] Mr. Grant did not paginate his Complaint; therefore, the Court cites to page numbers assigned by CM/ECF.

Correction of Military Records ("ABCMR") in 2010.[2] The ABCMR denied Mr. Grant's request, causing him to separately request reconsideration in 2022 and 2023.[3] The ABCMR reviewed its 2010 decision in both the 2022 and 2023 Boards, both of which ultimately denied Mr. Grant's request. Mr. Grant now turns to the Court of Federal Claims, for the first time, in pursuit of relief. (Compl.).

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists in every case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

A plaintiff "must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Squires v. United States*, 127 Fed. Cl. 352, 356 (2016) (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004)). A plaintiff must specifically demonstrate that the substantive law they rely on can reasonably be interpreted as obligating the Federal Government to provide compensation. *See Testan*, 424 U.S. at 400 (internal citation omitted). The plaintiff bears the burden of establishing subject-matter jurisdiction, and they must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While the pleadings of a pro se plaintiff will generally be held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Under RCFC 12(b)(1), dismissal "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Palafax St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 779 (2014) (internal citation omitted). To ascertain the propriety of its exercise of jurisdiction, the Court may look to evidence outside of the pleadings. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd in relevant part*, *Martinez v. United States*, 281 F.3d 1376 (Fed. Cir. 2002).

Claims of wrongful discharge are within this Court's Tucker Act jurisdiction. 37 U.S.C. § 204; *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Claims before this Court,

---

[2] Army Board For Correction of Military Records ("ABCMR") Docket Number: AR20100009128, (Compl. at 3).

[3] ABCMR Docket Numbers: AR20220001633 and AR20230006705, (Compl. at 3).

however, are barred if they are filed more than six years after the claim first accrued. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). For wrongful discharge claims, the clock generally starts at the time of discharge. *Martinez*, 333 F.3d at 1303. Here, Mr. Grant seeks back pay for a March 2007 discharge. (Compl. at 2–3). As such, his claim is time-barred. Mr. Grant should have filed this claim on or before March 2013, within six years of his discharge from military service. However, Mr. Grant filed his Complaint eleven years after the limitations period expired. (Compl. (filed Sept. 16, 2024)). Because the time for review has elapsed, the Court may not reach the merits of his claims.

The Court has jurisdiction over claims for military disability retirement. *Fisher*, 402 F.3d at 1174–75 (citing *Sawyer v. United States*, 930 F.2d 1577, 1580 (Fed. Cir. 1991)). However, disability retirement claims accrue, "and the statute of limitations begins to run, when 'an appropriate military board either finally denies such a claim or refuses to hear it.'" *Smalls v. United States*, 298 Fed. Appx. 994, 996 (Fed. Cir. 2008) (quoting *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005)). Additionally, petitions for reconsideration by the Board will not restart the limitations period, absent either a showing of new evidence or a change in circumstances. *Id.* (citing *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 278–79 (1987)). In this case, Mr. Grant received a final decision denying his request for records correction on September 23, 2010. Therefore, Mr. Grant was permitted to seek recourse in this Court immediately following the Board's determination so long as he filed his case by September 23, 2016. The fact that he later sought reconsideration of the 2010 decision does not toll the limitations period. Even further, Mr. Grant failed to establish either new evidence exists or a change in circumstances. Thus, Mr. Grant has brought his case long past the expiration of the statute and his claims must be dismissed.

Mr. Grant seems to seek disability benefits from both the Army and the VA. (*See* Compl. at 2). As a preliminary matter, Army disability benefits are based on criteria separate and distinct from benefits offered by the VA. *Gossage v. United States*, 394 Fed. Appx. 695, 698 (2010) (explaining Army disability benefits are based on "fitness for military duty" whereas VA disability benefits are based on "capacity to function in the civilian world"). An award of VA disability benefits is no indication that a service member is also entitled to disability benefits from the Army. *See id.* (affirming this Court's holding that a VA award of disability benefits does not cause a denial of benefits by the ABCMR to be erroneous).

Even if Mr. Grant's claims were not time-barred, the Court would have to dismiss his claims related to VA benefits. (Compl. at 2–3). Mr. Grant references various percentages and effective dates that are consistent with VA disability calculations, and he specifically asks that this Court grant "PTSD, Bilateral Thumbs, Bilateral knees, [and] Bilateral shoulders [service connection] per [his] doc[ument]s." (Compl. at 2–3). This Court has no jurisdiction over benefits administered by the VA. *See Sparks v. United States*, 2021 WL 401732, at *4 (Fed. Cl. 2021); *see also Carlisle v. United States*, 66 Fed. Cl. 627, 633 (2005) (finding remedies available for denial of veteran benefits are exclusive to the Court of Veterans Appeals). Therefore, to the extent Mr. Grant's claims are for veteran's disability benefits, they must be dismissed for lack of subject-matter jurisdiction. RCFC 12(b)(1).

Further, Mr. Grant brings his Complaint under a cluster of laws, none of which change the outcome of the Court's decision here. He cites:

> 1.) 28 USC § 1295(a)(3)
> 2.) 10 USC § 1553(a) 15 year discharge review
> 3.) 28 USC § 2501
> 4.) 10 USC § 1207(a)
> 5.) 10 USC § 1214
> 6.) 10 USC subtitle A Part III Ch. 61 (1206a), (1207a), + (1214)
> 7.) 10 USC § 1553(a) PTSD Effective Date 7/2007 (VA Decision)
> 8.) 10 USC § 1553(c) violation due process
> 9.) 37 USC § 204
> 10.) 28 USC § 1491, + 1491(a)(1)

(Compl. at 1). 28 U.S.C. § 1295(a)(3) provides the Federal Circuit with authority to hear appeals from our Court and not vice-versa. *Gharb v. United States*, 2013 WL 4828589, at *6 (Fed. Cl. 2013). 10 U.S.C. § 1553(a) establishes discharge review boards and requires a servicemember request a review, from an authorized board, within 15 years after the date of discharge or dismissal. However, 28 U.S.C. § 2501 governs when appeals from a board's final decision may be brought within this Court, therefore 10 U.S.C. § 1553(a) does not govern claims brought before this Court. *Parker v. United States*, 2 Cl. Ct. 399, 404 (1983) (stating the "six-year statute is dispositive, not the time period within which an appeal may be perfected to an administrative agency.").

      Mr. Grant also claims that the ABCMR wrongfully concealed facts from him which "exacerbated his disabilities, diseases, and or illnesses to [their] advantage[]." (Pl.'s Resp. at 4). The Court notes that claims of intentional concealment by government officials sound in tort which are outside of this Court's jurisdiction. 28 U.S.C. § 1491(a); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding the Court of Federal Claim's limited jurisdiction does not extend to tort actions against the United States). Accordingly, the Court must dismiss Mr. Grant's claims of unlawful concealment.

      Mr. Grant's remaining statutory references all pertain to the servicemember's entitlements, rights, and procedures during and after the time of discharge. 10 U.S.C. § 1207(a) (establishing servicemembers that incur a physical disability from their own intentional misconduct, willful neglect, or incurred during a . . . unauthorized absence will be separated without disability benefits); 10 U.S.C. § 1214 (prohibiting the armed forces from retiring or separating a servicemember for physical disability without a formal hearing); 10 U.S.C. § 1553(c) (requiring discharge reviews to be based upon the records of the concerning armed forces and permitting the petitioner to appear before the board); 10 U.S.C. §§ 1206(a), 1207(a), and 1214 (pertaining to rights of service members when being separated for physical disabilities); 37 U.S.C. § 204 (conferring a right to pay equal to the rank an officer was appointed to up until separation). Had Mr. Grant timely filed his claim, the laws he cites for support may

have been relevant; however, for the reasons previously stated, these statutes cannot overcome the six-year time bar established by 28 U.S.C. § 2501. Mr. Grant has not identified any other independent basis for this Court to retain jurisdiction over this case, therefore it must be dismissed.

For the stated reasons, the United States' Motion to Dismiss, (ECF No. 5), is **GRANTED**. This matter is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1). The Clerk **SHALL** enter judgment accordingly.

On September 23, Mr. Grant attempted to file a 190-page document of various "Exhibits." In addition to there being no provision in the Court's rules for this filing, it does not comply with RCFC 5.5(g), requiring that documents provide the presiding judge's name on all filings, or RCFC 10(a), requiring the correct captions and party names on all filings. It was also filed without an appropriate motion for leave. This filing is therefore **REJECTED**. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[4]

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge

---

[4] The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Mr. Grant is not enjoined from proper post-dismissal filings in this case, nor is he required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once dismissed.